## State vs. Isabelle B. Sousa.

### JULY 7, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Trial   Polling Jurors.*

The practice in this State in relation to the polling of jurors rests in the discretion of the court and the refusal of the court to permit a poll of the jurors to determine if any had read a newspaper account of the trial, not appearing to be an abuse of discretion, operating to the defendant's prejudice, is not reviewable.

*(2)   Trial:   Taking Case from Jury.*

The refusal of the court to take a case from the jury because of the circulation in the court room of a newspaper containing an alleged improper article, was not error where it does not appear that any juror read the article, nor that it was inspired by the prosecution and where the court instructed the jury as to their duty, since it will be presumed that a jury acted properly until misbehavior is proved.

INDICTMENT.   Heard on exceptions of defendant and overruled.

SWEENEY, J.   The defendant was indicted for committing a criminal abortion.   The defence was not guilty and an alibi.   After a four day's trial the jury returned a verdict of guilty.   The defendant filed a motion for a new trial containing the usual grounds, and also the ground which is the basis of the sixth exception.   This motion was denied by the trial justice after a hearing, and the defendant duly brought the case to this court by her bill of exceptions.

The second, third and fourth exceptions relate to questions asked of witnesses, and cannot be sustained.

The fifth exception relates to the introduction of an exhibit and also cannot be sustained.

On the second day of the trial the attorneys for the defendant saw at least two persons in the court room reading a copy of a daily newspaper, printed out of this State, but which has a large circulation in Providence, containing not only a summary of the evidence presented in said case, but also a statement to the effect that previous to the case being called for trial one of the defendant's attorneys is said to

have offered to have his client plead *nolo* and have sentence deferred on promise to leave the State, and that the Assistant Attorney General is said to have demurred and insisted on the case being heard by the jury. The affidavits of the two trial attorneys for the defendant show that the jurors had full and free access to the newspaper account of the trial, and an opportunity to read the same, and they believe that said account was read directly by the members of the jury and known to them, and was strongly influential in causing them to find the verdict of guilty.

On the third day of the trial the attorneys for the defendant made a written motion that a poll of the jury be taken to ascertain if any of the jurors had read the account of the trial of said cause which appeared in said newspaper the day before. This motion was denied by the trial justice and is the basis of the seventh exception. "Polling the jury is a practice whereby the jurors are asked individually whether they assented and still assent to the verdict. In some jurisdictions neither side has a right to have the jury polled, but whether this shall be done rests in the discretion of the court." 16 C. J. 1098, § 2576. The practice in this (1) State in relation to the polling of jurors rests in the discretion of the court and the refusal of the court to permit a poll of the jurors, not appearing to be an abuse of discretion by the trial justice, the exception is overruled, as it is a universally recognized rule, that in the absence of a clear abuse of discretion, operating to the complaining party's prejudice, matters within the discretion of the trial court are not reviewable on appeal. 4 C. J. 796, Sec. 2753. *O'Connell* v. *King*, 26 R. I. 544.

The sixth exception is to the denial of the defendant's motion to take the case from the jury because of the circulation in the court room of said newspaper containing said alleged improper article. There is no statement in the affidavits of the two trial attorneys for the defendant that any of the jurors read the newspaper article complained of. It is not claimed in their affidavits that the prosecuting

officers inspired said article or had anything to do with it. Jurors are sworn to render a true verdict according to the evidence given them and "we are to presume that the jury acted properly until misbehavior is proved." *Forbes* v. *Howard*, 4 R. I. 364, p. 370.

(2)

In the case of *People* v. *Feld*, 149 Cal. 464, it is stated: "It, however, devolves upon the party moving for a new trial on this ground to show that such articles have come to the knowledge of the jurors, for, unless they have, prejudice could not possibly have resulted to the defendant by reason of the publication, and the burden is on him to show any substantial cause that may exist for the granting of a new trial. It cannot be held that evidence showing the publication of articles in newspapers during a trial raises any presumption that such articles have come to the knowledge of the jurors. It is their duty to abstain from reading any articles relative to the case they are trying, and from talking to any one, or allowing any one to talk to them, concerning the case, and to refrain from allowing themselves to receive any impression or information concerning the case from any source other than the evidence, arguments, and instructions given in open court, and the presumption is that they have fully performed their duty."

It is not ground for setting aside a verdict that during the progress of the trial jurors read newspaper comments thereon, not published at the instance of the successful party, and which probably did not affect the verdict. 29 Cyc. 799, d.

In the conclusion of his charge to the jury, the trial justice instructed the jury as follows: "I do not feel, gentlemen, that it is necessary for me to state to you that you should be governed entirely by the law and the evidence as you have heard it here in the court-room. If you have read any newspaper articles concerning this trial, you are to disregard all information that you have received in that manner or from any persons who may have said anything that you have overheard outside the court-room relative to

this case or the facts involved. In other words, a person is placed on trial and she is to be tried in the court-room, and not through the newspapers or stories circulated outside which may possibly reach the ears of the jurors through the newspapers or otherwise." It is to be presumed that the jury followed the instructions of the court in this matter, as in other matters, involved in the trial of the case.

The first exception of the defendant is to the denial of her motion for a new trial, which contained the grounds that the verdict is against the law and the evidence and the weight thereof. The testimony was conflicting, and the jurors saw and heard the witnesses and their verdict has been approved by the trial justice. As there is sufficient testimony to sustain the verdict of the jury, under the rule laid down in the case of *Wilcox* v. *R. I. Co.*, 29 R. I. 292, and cited with approval in the case of *State* v. *Badnelley*, 32 R. I. 378, as applying to criminal cases, this exception cannot be sustained.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Antonio A. Capotosto, Assistant Attorney General,* for State.
*Washington R. Prescott,* for defendant.